**JING YU JIANG, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE, Attorney General Ashcroft, Respondent.**

**No. 03–41202.**

United States Court of Appeals, Second Circuit.

Feb. 3, 2006.

Yee Ling Poon (Robert Duk–Hwan Kim, on the brief), New York, NY, for petitioner.

Paula D. Silsby, United States Attorney for the District of Maine (William J. Schneider, Assistant United States Attorney), Portland, ME, for respondent, of counsel.

PRESENT: Hon. PIERRE N. LEVAL, Hon. SONIA SOTOMAYOR, Circuit Judges, and Hon. MARK R. KRAVITZ, District Judge.*

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review of the Board of Immigration Appeals ("BIA") is denied.

---

* The Honorable Mark R. Kravitz, United States District Judge for the District of Connecticut, sitting by designation.

Jing Yu Jiang petitions for review of the BIA's December 5, 2003 order affirming the decision of an Immigration Judge ("IJ") that rejected the petitioner's claims for asylum and withholding of removal under the Immigration and Nationality Act ("INA") and the United Nations Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts of this case, its relevant procedural history, and the issues on appeal.

The Court reviews the IJ's and BIA's findings of fact under the substantial evidence standard. *Secaida–Rosales v. I.N.S.*, 331 F.3d 297, 306–07 (2d Cir.2003). The BIA's decision, which adopted and affirmed the decision of the IJ, noted that the IJ had concerns about Jiang's credibility. The IJ was particularly concerned about two aspects of Jiang's testimony. First, Jiang testified that his wife received her first IUD in 1991 and her second in 1997, but the November 2000 x-ray report submitted by the petitioner notes a "9/29/92 IUD insertion." When asked to explain the discrepancy between his testimony and the x-ray report, Jiang answered, "Maybe I remember wrong." A letter purportedly written by Jiang's wife, however, states also that she received her first IUD in 1991. Second, Jiang testified that he registered his marriage in 1996, but his household registry, dated 7/26/2000, lists his marital status as "single"; the registry also contains an entry for the woman Jiang claims is his wife, but the box for her marital status is left blank. Jiang testified that these must be clerical errors.

An IJ may in some cases require a petitioner to provide corroborating evidence of his or her testimony, particularly where the IJ has concerns about the petitioner's credibility. *See Qiu v. Ashcroft*, 329 F.3d 140, 150 (2d Cir.2003) ("The weaker an applicant's testimony, the great-

er the need for corroborative evidence."). When asked whether he had any documentary evidence of his wife's involuntary insertion with an IUD, of her IUD checkups, of her forced abortion, or of his son's birth, schooling, or medical emergency, Jiang responded that he possessed such documents but that he left them at home. Where, as in this case, corroborating documentary evidence is specifically identified by an IJ and reasonably available to a petitioner, an IJ is justified in rejecting a petition when the petitioner fails to produce either the evidence or a "believable and sufficient explanation" for its absence. *See Diallo v. INS*, 232 F.3d 279, 289 (2d Cir.2000). Thus, the BIA did not abuse its discretion when it found that Jiang's failure to provide corroborating evidence, combined with the IJ's credibility concerns, provided substantial support for the IJ's decision to deny Jiang's petition.

Jiang failed also to meet his burden under the CAT of showing that he is more likely than not to be tortured if returned to his country of origin. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 407 (2d Cir.2005) ("The standard for CAT relief is that the applicant more likely than not will be subjected to torture if he is returned to his native country."). We thus uphold the IJ's and BIA's rejection of Jiang's CAT claim.

For the reasons stated above, the petition for review is DENIED.